In the United States District Court
for the Southern District of Texas
Houston Division

| | |
|---|---|
| Charlie W. Jones, Jr.,<br>Plaintiff,<br>v.<br>Sean Teare,<br>in his official capacity as<br>District Attorney of Harris County,<br>Defendant. | Civil Action No.<br>(to be assigned) |

# Plaintiff Charlie W. Jones, Jr.'s Complaint for Declaratory and Injunctive Relief

To the Honorable Judge:

## Introduction

1. This is a civil-rights action under 42 U.S.C. § 1983 seeking prospective declaratory and injunctive relief for an ongoing injury to Mr. Jones's First Amendment rights, and to the rights of others.

2. The First Amendment, as applied to the states through the Fourteenth Amendment, guarantees freedom of speech and the right to petition the Government for a redress of grievances.

3. Mr. Jones presents a facial challenge to sections 42.07(a)(4), 42.07(a)(7), and 42.07(a)(8) of the Texas Penal Code. Together they provide that a person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person:

> (4) causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another;
>
> (7) sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another; [or]
>
> (8) publishes on an Internet website, including a social media platform, repeated electronic communications in a manner reasonably likely to cause emotional distress, abuse, or torment to another person, unless the communications are made in connection with a matter of public concern.

Tex. Penal Code § 42.07(a)(4), (a)(7), (a)(8).

4. The statute defines "electronic communication" to include a communication initiated through the use of "a cellular or other type of telephone." Tex. Penal Code § 42.07(b)(1-a)(A).

5. The statutes are unconstitutional on their face. They infringe the rights to speak and to petition, for three reasons:

- They are overbroad.
- They fail strict scrutiny.
- They are void for vagueness.

## This Court has jurisdiction

6. This action arises under the Constitution and laws of the United States and is brought under 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

7. The Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes the declaratory relief Mr. Jones seeks.

8. *Younger v. Harris*, 401 U.S. 37 (1971), does not require abstention. No prosecution of Mr. Jones under section 42.07 is pending. The Harris County harassment prosecutions described below were dismissed without conviction. The relief sought is wholly prospective: to preclude further prosecution under statutes that violate Mr. Jones's constitutional rights. He does not seek to have his record expunged, and he does not seek to annul any collateral effects those dismissed charges may have. He seeks to be free from prosecutions for future violations of the same statutes.

9. The Anti-Injunction Act, 28 U.S.C. § 2283, does not bar this Court's jurisdiction, because Mr. Jones is not asking that this Court stay proceedings in a state court.

10. The *Rooker-Feldman* doctrine does not apply. Mr. Jones is not a state-court loser complaining of injury caused by a state-court judgment, and

he does not ask this Court to review, reverse, or modify any state-court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). All four harassment cases ended in dismissal. The source of the injury is the continued existence and threatened enforcement of the statutes.

11. The controversy is ripe. A pre-enforcement challenge is generally ripe if any remaining questions are purely legal ones. *Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 547 (5th Cir. 2008). The remaining questions here are legal: whether, under the construction the Court of Criminal Appeals has given the harassment statute, sections 42.07(a)(4), (a)(7), and (a)(8) are unconstitutional under the First Amendment.

**The plaintiff**

12. Plaintiff Charlie W. Jones, Jr., is a resident of Houston, Harris County, Texas, and a United States citizen.

13. From Harris County, Mr. Jones communicates with police officers, transit employees, and other public servants to report incidents, contest official determinations, request investigations, and seek redress.

14. Those communications are how a person without political or financial power gets official attention. Mr. Jones uses volume and pointed

language. He intends, and his communications are reasonably likely, to annoy, alarm, embarrass, and offend officials who would otherwise ignore him.

**Harris County has prosecuted Mr. Jones for communications to the police.**

15. On May 27, 2018, an assistant district attorney of Harris County filed Cause Number 220753801010 in County Criminal Court at Law Number 3, charging Mr. Jones with harassment. The information alleged that, with intent to harass, annoy, and abuse an officer employed by the Houston Police Department Auto Theft Division, Mr. Jones caused the officer's telephone to ring repeatedly and made repeated telephone communications in a manner reasonably likely to harass, annoy, and abuse. A copy of that information is Exhibit 1A.

16. The complaint sworn by the officer alleged that Mr. Jones had reported a vehicle left at a residence from which he had been evicted; that Auto Theft officers told him the matter was civil and the division could not list the vehicle as stolen; and that he continued to call the Auto Theft intake line and the officer, including twelve calls to the officer in one afternoon. The officer alleged that he warned Mr. Jones of harassment

charges and that Mr. Jones said he was not going to stop calling. A copy of that complaint is Exhibit 1B.

17. Cause Number 220753801010 was dismissed on December 29, 2021, without conviction. A copy of the dismissal order is Exhibit 1C.

18. On February 25, 2020, an assistant district attorney of Harris County filed Cause Number 230181601010 in County Criminal Court at Law Number 3, charging Mr. Jones with harassment. The information alleged that on or about January 15, 2020, with intent to harass, annoy, alarm, abuse, and torment a detective of the Houston Police Department, Mr. Jones sent repeated electronic communications—over fifty emails—despite being told that he had no legal right to pursue a charge, in a manner reasonably likely to harass, annoy, alarm, abuse, and torment. That charging language tracks section 42.07(a)(7). A copy of that information is Exhibit 1D.

19. The complaint sworn by the detective alleged that Mr. Jones was trying to get the Houston Police Department Auto Theft Division to investigate what he believed was an illegal repossession of a vehicle; that Auto Theft sergeants told him it was a civil matter; that he called the Mayor's office, the Chief's office, and Auto Theft; and that he sent the detective more than fifty emails demanding investigation. The

detective's complaint recited the 2018 Auto Theft prosecution as still pending. A copy of that complaint is Exhibit 1E.

20. Cause Number 230181601010 was dismissed on April 28, 2020, without conviction. A copy of the dismissal order is Exhibit 1F.

21. In August 2024, Mr. Jones was involved in a motor-vehicle collision. He called employees of the Metropolitan Transit Authority of Harris County about the outcome of that collision, including whether he had been found at fault and whether a claims process applied to him.

22. On October 3, 2024, an assistant district attorney of Harris County filed two Class B misdemeanor informations against Mr. Jones in County Criminal Court at Law Number 8, charging harassment.

23. Cause Number 253216501010 alleged that on or about August 8, 2024, Mr. Jones, with intent to harass, annoy, abuse, and torment P.A., caused the telephone of P.A. to ring repeatedly. A copy of that information is Exhibit 1G.

24. Cause Number 253217001010 alleged that on or about August 8, 2024, Mr. Jones, with intent to harass, annoy, abuse, and torment J.H., caused the telephone of J.H. to ring repeatedly. A copy of that information is Exhibit 1H.

25. The charging language tracks section 42.07(a)(4). Because "electronic communication" includes a communication initiated by cellular or other telephone, the same calls are also within section 42.07(a)(7).

26. The complaints sworn by a detective of the Houston METRO Police Department, Criminal Investigations Division, and accepted by an assistant district attorney, supplied the State's factual theory. Copies are Exhibits 1I and 1J. Those complaints alleged:

- J.H., a METRO employee at 1900 Main Street, Houston, Harris County, Texas, told police that Mr. Jones called her seventeen times during her workday on August 8, 2024, from 8:52 a.m. until 3:21 p.m., and several times the day before, that he was irate, that he was going to get to the bottom of the collision and find out what was really going on, that he was not happy he had been found at fault, and that he was not going to cooperate because the claims process did not apply to him;
- P.A. of METRO's Customer Services Division, identified as the primary complainant, told police that Mr. Jones called her and the Customer Services Division twenty-two times within one day, that she told him to stop calling her and other METRO employees, and that he continued to call;
- The detective called Mr. Jones on a recorded line, told him not to have contact with the complainants, and told him the only communication that would be accepted was an email that was completely METRO-related;

- Mr. Jones told the detective that he could not tell Mr. Jones whom he could call; the detective told him he was being charged with harassment by phone; Mr. Jones said he did not care and would keep calling; the detective threatened a one-year suspension of METRO service; Mr. Jones said he was going to call the Chief of Police and file a complaint;
- Within a minute, Mr. Jones called the detective's office telephone about the motor-vehicle collision; the detective told him the call was unwarranted and harassing and that further calls could result in additional charges for harassment of a public servant.

27. The Harris County District Attorney's Office accepted those charges as Harassment by Phone (Harassing Communication). Kim Ogg was District Attorney when the informations were filed on October 3, 2024. Defendant Sean Teare took office on January 1, 2025. Cause Number 253217001010 remained pending in his office until it was dismissed on March 19, 2025.

28. Cause Number 220753801010 was dismissed on December 29, 2021. Cause Number 230181601010 was dismissed on April 28, 2020. Cause Number 253216501010 was dismissed on October 17, 2024. Cause Number 253217001010 was dismissed on March 19, 2025. Each was dismissed without conviction. Copies of the 2024–2025 dismissal orders are Exhibits 1K and 1L. Copies of the 2018 and 2020 dismissal

orders are Exhibits 1C and 1F. No charge under section 42.07 remains pending against Mr. Jones.

29. Mr. Jones does not seek relief from those dismissed prosecutions. He seeks to be free from the next one.

**Mr. Jones has standing.**

**Mr. Jones is seriously interested in engaging in speech the statutes restrict.**

30. Because of the statutes, Mr. Jones is refraining from communicative conduct in which he has a constitutional interest and in which he wishes to engage:

- Causing the telephones of police officers, transit employees, and other public servants to ring repeatedly, and making repeated telephone communications to them, with intent to harass, annoy, alarm, abuse, torment, or embarrass, in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend, including communications about the August 2024 collision and other official action;
- Sending repeated electronic communications, including email (the only channel the METRO detective told him would be accepted), to police officers, transit employees, and other public servants, with the same intent and in the same manner;
- Publishing on Internet websites, including social media platforms, repeated electronic communications in a manner reasonably likely to cause emotional distress, abuse, or torment to public servants, on

topics that are not, or that Defendant might contend are not, in connection with a matter of public concern.

**There exists a credible threat of prosecution.**

31. Mr. Jones fears that sections 42.07(a)(4), (a)(7), and (a)(8) will be enforced against him. That fear is actual and well founded.

32. A person may be prosecuted for violating those subsections in the county from which he sends the communication or in the county in which it is received. Mr. Jones lives in Harris County. His communications to Harris County public servants are sent from Harris County and received in Harris County.

33. The Harris County District Attorney's Office has already prosecuted Mr. Jones four times under section 42.07 for non-threatening communications to a Houston Police Department Auto Theft officer, an HPD detective, and two METRO employees. Defendant Teare's office continued Cause Number 253217001010 after he took office. He has not disavowed enforcement of sections 42.07(a)(4), (a)(7), or (a)(8) against Mr. Jones or against others.

34. Subchapter B of chapter 87 of the Texas Local Government Code makes it official misconduct, and grounds for removal from office, for a prosecuting attorney to adopt or enforce a policy of refusing to prosecute a class or type of criminal offense under state law, except a

policy adopted in compliance with an injunction or other court order, in response to a reasonable evidentiary impediment, or to provide for diversion when permissible. Tex. Loc. Gov't Code §§ 87.011(3)(B), 87.013(a)(2). A petition to remove a prosecutor on that ground may be filed by a resident of the county who is not facing criminal charges there. *Id.* § 87.015(b-1).

35. Chilling a plaintiff's speech is a constitutional harm adequate to satisfy injury in fact. *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330–31 (5th Cir. 2020). A plaintiff satisfies the injury-in-fact requirement where the plaintiff alleges an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). A would-be speaker should not be required to await and undergo a criminal prosecution as the sole means of seeking relief. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). Mr. Jones has already undergone four.

36. An injunction against Defendant Teare, and a declaratory judgment that the statutes are facially void, will redress the injury. If this Court does not enjoin him, Mr. Jones's communications will remain chilled.

**Mr. Jones has standing to make facial challenges on others' behalf.**

37. Independent of his own interest in engaging in conduct the statutes forbid, Mr. Jones has standing to challenge their facial unconstitutionality because their very existence may cause others not before the Court to refrain from constitutionally protected speech or expression. *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973). Mr. Jones's own injury is independently pleaded.

**The defendant**

38. Sean Teare is the Harris County District Attorney, sued in his official capacity.

39. The Harris County District Attorney's Office has prosecuted Mr. Jones under section 42.07 four times, and Defendant Teare's office continued one of those prosecutions after he took office. Subchapter B of chapter 87 of the Local Government Code forbids Defendant Teare, on pain of removal from office, to adopt a policy of refusing to prosecute offenses under sections 42.07(a)(4), (a)(7), and (a)(8). That enforcement and that prohibition implicate him in the chilling of Mr. Jones's First Amendment rights.

**Defendant is not immune from suit.**

40. Texas district attorneys are county officials and are not protected by the Eleventh Amendment. *National Press Photographers Ass'n v. McCraw*, 90 F.4th 770, 787 (5th Cir. 2024). A later panel held that official-capacity constitutional claims against the Harris County District Attorney should have been dismissed as barred by sovereign immunity. *Mi Familia Vota v. Ogg*, 105 F.4th 313, 317 (5th Cir. 2024). It reached that result after concluding she was not a proper *Ex parte Young* defendant. *Id.* at 333. Mr. Jones pleads both tracks.

41. If Defendant Teare is a *county* official, he is the final policymaker for Harris County concerning whether to enforce sections 42.07(a)(4), (a)(7), and (a)(8). He has a policy of enforcing those subsections, and subchapter B forbids him to adopt the contrary policy. His office's prosecution of Mr. Jones, including the continuation of Cause Number 253217001010 after January 1, 2025, demonstrates it. A local governing body and officials sued in their official capacities may be sued for injunctive relief where the action alleged to be unconstitutional implements a policy officially adopted by that body's officers. *Monell v. Department of Social Services*, 436 U.S. 658, 690 & n.55 (1978); *see also Jett v. Dallas Independent School District*, 491 U.S. 701, 737 (1989)

(whether an official has final policymaking authority is a question of state law).

42. If Defendant Teare is a *state* official, he is liable to suit under *Ex parte Young* for prospective declaratory and injunctive relief to redress an ongoing violation of federal law. *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020). The Harris County District Attorney in *Ogg* was not a proper *Ex parte Young* defendant because she had neither enforced nor threatened to enforce the challenged provisions and had attested that she would not enforce them while the suit was pending. *Ogg*, 105 F.4th at 330–33. The Harris County District Attorney's Office has prosecuted Mr. Jones under section 42.07 four times; Defendant Teare's office continued one of those prosecutions after he took office; and he has not disavowed enforcement. *Ogg* also found no statute commanding the district attorney to prosecute the challenged offenses. *Id.* at 328. Subchapter B forbids Defendant Teare, on pain of removal, to adopt a policy of refusing to prosecute this class of offense. Tex. Loc. Gov't Code §§ 87.011(3)(B), 87.013(a)(2). A policy is "an instruction or directive expressed in any manner," and a policy adopted in compliance with a court order is excepted. *Id.* § 87.011(3)(B)(i), (4). Defendant Teare cannot, absent a court order, make and keep a promise

not to enforce the challenged statutes without adopting the policy subchapter B makes grounds for his removal.

43. Defendant Teare is sued in his official capacity only. Personal immunity defenses, such as absolute and qualified immunity, are unavailable in an official-capacity action; the only immunities that can be claimed are forms of sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985).

## Mr. Jones's claims

### Count 1: The statutes are facially overbroad.

44. A real and substantial number of the statutes' applications are unconstitutional, judged in relation to the statutes' legitimate sweep. *United States v. Stevens*, 559 U.S. 460, 473 (2010).

45. Since 1791, the First Amendment has allowed content-based restrictions on speech only if the speech falls into a narrow and clearly defined historically unprotected category: obscenity, defamation, fraud, incitement, speech integral to criminal conduct, fighting words, child pornography, true threats, and speech presenting some grave and imminent threat the government has power to prevent. *United States v. Alvarez*, 567 U.S. 709, 717–18 (2012) (plurality opinion); *see also Stevens*, 559 U.S. at 468–69 ("From 1791 to the present," the First

Amendment has "permitted restrictions upon the content of speech in a few limited areas").

46. Speech outside those categories is protected from content-based restriction. Speech does not become unprotected because it is intended, likely, or intended and likely to cause an adverse emotional effect in the listener.

47. Government officials who commit errors, abuse their power, or fail to fulfill their roles may feel harassed, annoyed, alarmed, abused, tormented, embarrassed, and offended by complaints that expose their conduct. By using these statutes, such officials can intimidate critics and prevent them from petitioning.

48. A regulation is content-based if it requires enforcement authorities to examine the content of the message to determine whether a violation has occurred, *McCullen v. Coakley*, 573 U.S. 464, 479 (2014), unless the examination serves only to draw neutral, location-based lines, *City of Austin v. Reagan National Advertising of Austin, LLC*, 596 U.S. 61, 69 (2022). The Court of Criminal Appeals applies the examine-the-content test to section 42.07. *Ex parte Nuncio*, 662 S.W.3d 903, 917 (Tex. Crim. App. 2022); *Owens v. State*, 728 S.W.3d 155, 161 (Tex. Crim. App. 2025).

49. Deciding whether a communication is "reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend," or to "cause emotional distress," requires examining what it says. Subsection (a)(8) makes the point unavoidable: it applies only when the communication is not "in connection with a matter of public concern."

50. Laws that define regulated speech by its function or purpose are content-based. *Reed v. Town of Gilbert*, 576 U.S. 155, 163–64 (2015). What speech is intended to do is its *purpose*; what speech is reasonably likely to do is its *function*. The challenged statutes define forbidden speech by both its purpose and its function.

51. Mr. Jones was prosecuted for the content of his speech. The complaints charged him because he called Auto Theft officers about a vehicle he wanted listed as stolen, emailed a detective about a repossession, and called METRO employees about a collision. As in *Owens*, it was the content of the messages, not the manner of their sending, that drove the prosecutions. *See Owens*, 728 S.W.3d at 167 ("It was the content of the messages, not the manner of their sending, that drove the prosecution.").

52. The statutes restrict a real and substantial amount of protected speech based solely on its purpose and function. That restriction is the central focus of the statutes.

**Count 2: The statutes fail strict scrutiny.**

53. Content-based laws are presumptively unconstitutional and may be justified only if the government proves that they are narrowly tailored to serve compelling state interests. *Reed*, 576 U.S. at 163. If a less restrictive alternative would serve the Government's purpose, the legislature must use that alternative. *United States v. Playboy Entertainment Group, Inc.*, 529 U.S. 803, 813 (2000). The burden is on the Government to prove that proposed alternatives will not be as effective. *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 665 (2004).

54. When a statute is facially overbroad, no further analysis is required. Facial-overbreadth analysis is a form of strict scrutiny in which the legitimate sweep of the statute defines the compelling interest, and a statute that restricts a real and substantial amount of protected speech is by definition not narrowly tailored to that interest.

55. Less restrictive alternatives exist in the same statute and in neighboring provisions. Section 42.07 already separately criminalizes obscene

communications and threats to inflict bodily injury. Tex. Penal Code § 42.07(a)(1), (a)(2). Stalking conduct is separately prohibited. *Id.* § 42.072. In *Owens* the State failed to make a showing that section 42.07(a)(7) survived strict scrutiny as applied to a defendant prosecuted for the content of his messages. *Owens*, 728 S.W.3d at 168.

**Count 3: The statutes are unconstitutionally vague.**

56. A criminal law is void for vagueness if it fails to give ordinary people fair notice of the conduct it punishes, or is so standardless that it invites arbitrary enforcement. *Johnson v. United States*, 576 U.S. 591, 595 (2015). If arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. *Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972). Even if speech could constitutionally be restricted because of the speaker's intent to hurt someone's feelings or the likelihood that the speech would do so, the statutes provide no such standards.

57. What "harass," "annoy," "embarrass," and "offend" mean, and what is "a matter of public concern" for purposes of section 42.07(a)(8), are in the eye of the beholder. The METRO detective treated Mr. Jones's calls about a collision as harassment of a public servant. A different officer might have treated them as a citizen complaint.

58. Whether speech is prosecutable cannot depend on whether the government judges it to be on a matter of public concern. The ability to decide what is of public concern is itself the power to censor speech.

**The statutes are not readily subject to a narrowing construction by the state courts.**

59. In *Ex parte Barton*, 662 S.W.3d 876 (Tex. Crim. App. 2022), and *Ex parte Sanders*, 663 S.W.3d 197 (Tex. Crim. App. 2022), the Court of Criminal Appeals authoritatively interpreted section 42.07(a)(7). It did not subject the statute to a narrowing construction. It construed the law to reach communications made with the intent to communicate ideas, on the theory that the statute prohibits "non-speech conduct." *Barton*, 662 S.W.3d at 878, 883–84; *Sanders*, 663 S.W.3d at 215–16.

60. The same analysis has been applied to neighboring subsections that restrict speech based on its function: the reasonable likelihood that it will cause an emotional effect. Section 42.07(a)(4)'s "in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend" clause uses that function test. Section 42.07(a)(8) does too.

**This Court is bound by the Court of Criminal Appeals' authoritative construction, but not by its First Amendment conclusions.**

61. The Court of Criminal Appeals has held that section 42.07(a)(7) does not implicate the First Amendment because it regulates non-speech

conduct, and that repeated communications made with intent to cause emotional harm such as embarrassment and annoyance remain non-speech conduct even when the sender also intends to communicate ideas. *Barton*, 662 S.W.3d at 878, 883–84. On the question whether statutes that proscribe communications made with the intent to communicate ideas implicate the First Amendment, federal courts owe no deference to that characterization.

62. The Court of Criminal Appeals has itself held that when the State prosecutes for the content of messages, section 42.07(a)(7) is a content-based restriction that is unconstitutional as applied unless the State carries the burden of strict scrutiny. *Owens*, 728 S.W.3d at 160, 167–68. Mr. Jones's prosecutions illustrate the statutes' content-based operation.

**There is a presumption against the statutes.**

63. Because the statutes are content-based restrictions, they are presumed to be unconstitutional. *Reed*, 576 U.S. at 163.

**This is a proper venue**

64. Venue is proper in this district and division under 28 U.S.C. § 1391(b)(1) because Defendant Teare resides and performs his official duties in Harris County. Venue is also proper under § 1391(b)(2)

because a substantial part of the events giving rise to the claims occurred in Harris County: the communications were sent from and received in Harris County, the prosecutions were filed here, and Mr. Jones's speech is chilled here. The Houston Division includes Harris County. 28 U.S.C. § 124(b)(2).

## An injunction is required

### Irreparable harm.

65. Mr. Jones's "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion).

### Balance of harms.

66. The infringement of Mr. Jones's First Amendment rights, and the chilling effect sections 42.07(a)(4), (a)(7), and (a)(8) have and will have on speech, outweigh any hardship on Defendant.

### Public interest.

67. Injunctions protecting First Amendment freedoms are in the public interest.

## Prayer

68. For these reasons, Mr. Jones prays that this Court:

- Issue a declaratory judgment that sections 42.07(a)(4), 42.07(a)(7), and 42.07(a)(8) of the Texas Penal Code are unconstitutionally overbroad on their face, fail strict scrutiny, and are unconstitutionally void for vagueness;
- Issue a preliminary and then a permanent injunction enjoining Defendant from enforcing Texas Penal Code sections 42.07(a)(4), (a)(7), and (a)(8) against Plaintiff;
- Award Plaintiff court costs and attorney fees under 42 U.S.C. § 1988; and
- Grant all other relief that this Court deems just and proper.

Thank you,

Mark W. Bennett
Attorney-in-Charge
Texas Bar No. 00792970
S.D. Tex. Bar No. 19456
Institute for Advanced Criminal
Law Studies
917 Franklin Street, Fourth Floor
Houston, Texas 77002
713.224.1747
Fax: none
mb@iacls.org
Attorney for Plaintiff